# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF WEST VIRGINIA

**Cheryl Dean Riley**  OFFICE OF THE CLERK OF COURT  **Michelle Widmer-Eby**
**Clerk of Court**  POST OFFICE BOX 471  **Chief Deputy Clerk**
WHEELING, WEST VIRGINIA 26003
(304) 232-0011
Facsimile (304) 233-2185

December 30, 2021

Via CM/ECF
Novo Nordisk Inc. and
Novo Nordisk A/S
c/o James F. Companion
Schrader Companion Duff & Law, PLLC
401 Main Street
Wheeling, WV 26003
and
Jeffrey J. Oelke
Fenwick & West LLP
902 Broadway
Suite 14
New York, NY 10010-6035
and
Laura T. Moran
Fenwick & West LLP
902 Broadway
Suite 14
New York, NY 10010-6035
and
Ryan P. Johnson
Fenwick & West LLP
902 Broadway
Suite 14
New York, NY 10010-6035
and

Sandra K. Law
Schrader Companion Duff & Law, PLLC
401 Main Street
Wheeling, WV 26003
and
So Yeon Choe
Fenwick & West LLP
902 Broadway
Suite 14
New York, NY 10010-6035

Via U.S. Mail
Mylan Institutional LLC
4901 Hiawatha Drive
Rockford, IL 61103

    Re: Novo Nordisk Inc. v. Mylan Institutional LLC
      Civil Action No. 1:19-cv-00164

Dear Novo Nordisk Inc., Novo Nordisk A/S, and Mylan Institutional LLC,

  I have been contacted by District Court Judge, Thomas S. Kleeh, who presided over the above-mentioned case. Judge Kleeh informed me that he has learned that while he presided over the case, his retirement fund contained stock in Novo Nordisk. This stock ownership neither affected nor impacted his decisions in this case, which was dismissed on September 23, 2019, after Plaintiff filed a Notice of Dismissal Without Prejudice on September 20, 2019. No substantive orders were entered. However, this stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Kleeh directed that I notify the parties of this conflict.

> Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:
>
> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising

500 West Pike Street, Room 301  P.O. Box 1518  217 W. King Street, Room 102
Clarksburg, WV 26302  Elkins, WV 26241  Martinsburg, WV 25401
(304) 622-8513  (304) 636-1445  (304) 267-8225

from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."   With Advisory Opinion 71 in mind, you are invited to respond to Judge Kleeh's disclosure of a conflict in this case.   Should you wish to respond, please submit your response in writing by filing it on the docket of this case on or before **January 14, 2022**.   Any response will be considered by another judge of this court without the participation of Judge Kleeh.

Sincerely,

*Cheryl Dean Riley*

Cheryl Dean Riley,
Clerk of Court

500 West Pike Street, Room 301
Clarksburg, WV 26302
(304) 622-8513

P.O. Box 1518
Elkins, WV 26241
(304) 636-1445

217 W. King Street, Room 102
Martinsburg, WV 25401
(304) 267-8225